UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
GREGORY CLEMENS,

              *Plaintiff,*

              -against-                          17-cv-410 (PAC)

MOODY'S ANALYTICS, INC.,               **OPINION & ORDER**

              *Defendant.*
------------------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

      This case is on remand from the Second Circuit to determine whether the District Court properly exercised supplemental jurisdiction to dismiss the state law claims, or whether the District Court should have declined to exercise supplemental jurisdiction, and should now dismiss the state law claims without prejudice to be adjudicated in the state courts. The Court finds that it properly exercised supplemental jurisdiction in the first instance when it granted summary judgment in favor of Defendant Moody's Analytics, Inc. ("Defendant," "Moody's") on the state law claims.

## BACKGROUND

      Plaintiff Gregory Clemens ("Plaintiff," "Clemens") sued the Defendant, his former employer, for alleged violations of: (1) the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); (2) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"); (3) breach of contract; and (4) the New York Labor Law § 191 *et seq.* ("NYLL"). *Clemens v. Moody's Analytics*, 17-cv-410 (PAC), 2018 WL 1750586 (S.D.N.Y. Apr. 9, 2018), *aff'd in part, vacated in part, and remanded* 770 Fed. App'x 10 (2d Cir. 2019) (summary order). The Complaint in this case was filed nearly three years ago on January 19, 2017, and the Answer

filed a little less than two months later. Dkts. 1, 9. The Parties agreed in their Civil Case Management Plan that all initial requests for document production and service of interrogatories would be completed by May 25, 2017, all depositions would be taken by September 13, 2017, and fact discovery would be completed no later than September 15, 2017. Dkt. 14, at 3. An Initial Pre-Trial Conference was held before this Court on May 18, 2017. Minute Entry dated May 18, 2017.

The Plaintiff, writing on behalf of both Parties, filed a letter motion on September 13, 2017 seeking a one-month extension of discovery. Dkt. 15, at 1. As of that time, the Parties had exchanged approximately 5,000 pages of documents and electronically stored information, and taken the Plaintiff's deposition. *Id.* The Court granted the request, extending the discovery deadline to October 17, 2017. Dkt. 16. In a letter dated November 14, 2017, the Plaintiff, consistent with this Court's Individual Practices, wrote that he might move to compel the Defendant to produce certain documents. Dkt. 19, at 1. The Plaintiff contended that these documents, divided into three categories, might substantiate the Plaintiff's allegations that his former manager, as a cover-up for the alleged FMLA violations, had devised the compliance investigation that led to the Plaintiff's termination. *Id.* As of that time, the Defendant had already produced 4,000 pages of documents, and six current and former Moody's employees had been deposed. Dkt. 20, at 2. At a Pre-Motion Conference held on November 20, 2017, the Court denied the Plaintiff's motion to compel as to contribution unit reports for three other members of the Plaintiff's team, granted it as to emails between the Plaintiff and a former co-worker with whom he claimed to have done work relevant to claimed contribution units, and held that the request as to handwritten notes Clemens had left on his desk before being terminated was moot. Minute Entry dated Nov. 20, 2017.

The Defendant moved for summary judgment on December 21, 2017. Dkt. 22. This Court granted summary judgment for the Defendant on the FMLA claims, and the state law claims as well. *Id.* at *9.

The Second Circuit affirmed this Court's grant of summary judgment in favor of the Defendant on the FMLA claims, and vacated and remanded as to this Court's exercise of supplemental jurisdiction over the state law claims. *Clemens*, 770 Fed. App'x at 12. The Court held that it was "not able on review to determine [the District Court's] reasons" for exercising supplemental jurisdiction over the state law claims. *Id.*

## DISCUSSION

### I. Standard

28 U.S.C. § 1367(a) grants federal courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III" of the Constitution. 28 U.S.C. § 1367(a). "The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "[O]nce it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).

A court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are

3

other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 245 (2d Cir. 2011).

A federal court's exercise of supplemental jurisdiction over state law claims has its "justification . . . in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." *Gibbs*, 383 U.S. at 726. "*Gibbs* emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right,'" and "articulated . . . a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (quoting *Gibbs*, 383 U.S. at 726).

Where a statutory basis for declining to exercise supplemental jurisdiction may be found among 28 U.S.C. § 1367(c)'s four factors, a district court may still exercise supplemental jurisdiction after "balanc[ing] the supplemental jurisdiction factors." *Catzin*, 899 F.3d at 86. "[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Itar-Tass*, 140 F.3d at 448. Where one of the categories in 28 U.S.C. § 1367(c) applies, a court has discretion to exercise supplemental jurisdiction "'unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity.'" *Catzin*, 899 F.3d at 85 (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

**II.  Analysis**

There is no dispute that the Plaintiff's state law claims were properly within the Court's supplemental jurisdiction because of their close "relat[ion] to claims in the action within such

4

original jurisdiction that they form part of the same case or controversy" for Article III purposes. 28 U.S.C. § 1367(a). The remaining question is whether the Court properly retained supplemental jurisdiction over the NYLL and breach of contract claims after dismissing the Plaintiff's FMLA claims on summary judgment.[1] Neither Party argues that 28 U.S.C. § 1367(c)(2) or (4) applies here.

Thousands of pages of documents had already been produced, and the depositions of the Plaintiff and several current and former Moody's employees had been taken before this Court granted summary judgment in favor of the Defendant on the state claims. The Plaintiff brought the suit in federal court, included the state law claims, and did not question the Court's discretion to exercise supplemental jurisdiction over the claims until after the Court had issued a ruling in the Defendant's favor.

**A. Novelty**

The Plaintiff on remand contends that the Court should either have declined or should now decline to exercise supplemental jurisdiction because his NYLL and breach of contract claims raise "novel" issues of New York state law. They do not, and this Court properly exercised supplemental jurisdiction in the first instance in its April 9, 2018 Order granting summary judgment for the Defendant on both the Plaintiff's federal and state law claims. *Clemens*, 2018 WL 1750586, at *8. While under 28 U.S.C. § 1367(c)(1) "[c]laims raising novel and complex questions of state law are better left for the state courts to resolve," *Favourite v. 55*

---

[1] This Court also granted summary judgment in favor of the Defendant on the Plaintiff's NYCHRL claim. *Clemens*, 2018 WL 1750586, at *7. The Parties do not address the NYCHRL claim in any of their submissions arguing the Court's exercise of supplemental jurisdiction. Dkts. 54–55, 59–60. The claim has therefore been forfeited. Furthermore, the Plaintiff has offered no argument that one of the 28 U.S.C. § 1367(c) factors applies to the NYCHRL claim, and so given no reason for the Court to find its exercise of supplemental jurisdiction over the claim, and grant of summary judgment in favor of the Defendant, was not proper.

*Halley St., Inc.*, 381 F. Supp. 3d 266, 285 (S.D.N.Y. 2019), neither novelty nor complexity are present in this case.

### 1. Breach of Contract Claim

The Plaintiff contends that the contribution units could not be removed from the Plan, but "the Plan grants Defendant the 'sole and absolute discretion' to adjust, amend, or terminate the Plan." *Clemens*, 2018 WL 1750586, at *8. Plaintiff's interpretation renders the Plan unenforceable. Further, nothing limits the Plan to prospective action. It is clear that the award of contribution units is subject to manager review.

The Plaintiff cites no case, statute, or other authority that supports the supposed novelty of the breach of contract claim. Dkt. 54, at 3–4. Plaintiff faults this Court for citing two federal district court decisions in granting summary judgment, *id.* at 4, but fails to observe that both those decisions rely on well-established principles of New York law that support the dismissal of his breach of contract claims. *O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 500–01 (S.D.N.Y. 2015); *Kavitz v. Int'l Bus. Machs. Corp.*, 09 Civ. 5710 (CM) (RLE), 2010 WL 11507447, at *6–7 (S.D.N.Y. Aug. 27, 2010). Both cases articulate New York law that refusal to pay a bonus is not actionable where there is absolute discretion as to whether the bonus should be paid. Courts in the Southern District of New York have understood and applied the New York State law in a consistent and uniform way when faced with claims like the Plaintiff's, and the Plaintiff here fails to point to any indicia of novelty that convince this Court it should break with those precedents.

## 2. NYLL Claim

As to Plaintiff's NYLL claim, the Court granted summary judgment after finding as a matter of law that "the incentive compensation offered under the Plan does not qualify as 'wages' covered by the NYLL." *Clemens*, 2018 WL 1750586, at *8. New York law provides that "incentive compensation does not constitute 'wages' where it is based on a combination of individual performance and group performance or where the employer retains discretion not to pay the incentive compensation." *Id.* Plaintiff contends that these conclusions by the Court were improper because "the precise parameters of the applicable New York law remain unsettled and are best resolved by the New York courts." Dkt. 54, at 3.

The alleged flicker of legal novelty on which Plaintiff would have this Court rest its decision to decline supplemental jurisdiction over his NYLL claim derives from the three-paragraph decision in *Friedman v. Arenson Office Furnishings, Inc.*, 129 A.D.3d 525 (1st Dep't 2015). If *Friedman* represented an innovation or unsettling of New York law, the courts of New York State appear not to have noticed. The Court is aware of only a single case that has cited *Friedman*, and that was as additional support for the proposition that a "bonus . . . is considered 'wages' . . . when the bonus is 'expressly link[ed]' to [the employee's] 'labor or services personally rendered.'" *Doolittle v. Nixon Peabody LLP*, 155 A.D.3d 1652, 1655 (4th Dep't 2017) (quoting *Ryan v. Kellogg Partners Int'l Servs.*, 19 N.Y. 3d 1, 16 (2012)). There is no novelty here.

"Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. On both the state law issues here, the Court finds it trod only solid ground.

7

## B. Federal Claims Dismissed

While the Plaintiff argues that the Court should have declined supplemental jurisdiction under 28 U.S.C. § 1367(c)(1), the Court also finds it proper to not decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Even where 28 U.S.C. § 1367(c)(3) applies, the Court must also consider whether declining supplemental jurisdiction would "actually promote" the values set out in *Gibbs*. *Catzin*, 899 F.3d at 85. The Court finds that a failure here to exercise supplemental jurisdiction over the state law claims at issue would not be consistent with *Gibbs*' "values of economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 351.

Undoubtedly there are situations where "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726. Yet many cases have approved of the district court's exercise of supplemental jurisdiction where, as here, "discovery had been completed, dispositive motions had been submitted, and the case would soon be ready for trial." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998) (finding no abuse of discretion where Parties "had already engaged in discovery under an expedited discovery schedule and held a settlement conference before a magistrate"). *See also Chimarev v. TD Waterhouse Inv'r Servs., Inc.*, 280 F. Supp. 2d 208, 226 (S.D.N.Y. 2003) ("[D]iscovery long ago concluded and motions have been made with respect to all of plaintiff's claims.").

Here, where the Parties took at least a half dozen depositions, exchanged thousands of pages of documents, and had a full opportunity to brief the claims and any other relevant issues on a motion for summary judgment, it cannot be argued that "economy, convenience, [or] fairness" would be better served by the Court declining to exercise supplemental jurisdiction. *Catzin*, 899 F.3d at 85–86. As discussed above, comity also would not be served here, where

8

settled state law speaks clearly to the Plaintiff's claims. Declining supplemental jurisdiction would not have "actually promote[d]" the values in *Gibbs*; in fact, not exercising supplemental jurisdiction would have undercut those values by unnecessarily burdening the state courts and denying the Parties an overdue resolution to this dispute. *Catzin*, 899 F.3d at 85. The record here indicates that neither "convenience or fairness" would be "served by setting backwards the course of a case the parties [have] vigorously litigated . . . and causing them to expend who knows how much time, legal fees, and distraction starting over in state court." *Catzin*, 899 F.3d at 86.

## **CONCLUSION**

The Court finds that it properly exercised supplemental jurisdiction in its grant of summary judgment in favor of the Defendant on the Plaintiff's NYLL and breach of contract claims. The Clerk of Court is directed to close the case.

Dated: New York, New York
       January 3, 2020

SO ORDERED

*Paul A Crotty*
PAUL A. CROTTY
United States District Judge